```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
WARNER BROS. RECORDS INC.,                             :
ET AL.,                                                :
                                                       :
                      Plaintiffs,                      :    REPORT and RECOMMENDATION
                                                       :
               -against-                               :    07 Civ. 1092 (HB)(KNF)
                                                       :
CHAZ BERRY,                                            :
                                                       :
                      Defendant.                       :
-------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE HAROLD BAER, UNITED STATES DISTRICT JUDGE

## BACKGROUND

Plaintiffs Warner Bros. Records Inc., Capitol Records, Inc., UMG Recordings, Inc., Sony BMG Music Entertainment, Arista Records LLC and Atlantic Recording Corporation bring this action against defendant Chaz Berry to recover damages for copyright infringement, pursuant to the United States copyright law, 17 U.S.C. §§ 101-1332, as amended. The complaint alleges that, without their permission or consent, the defendant has used and continues to use the "KaZaA" online media distribution system to download, distribute and make available for distribution the copyrighted recordings of certain artists.

On June 20, 2007, the Clerk of Court for this judicial district noted the defendant's default, based on his failure to file an answer or otherwise move with respect to the complaint. On June 25, 2007, the plaintiffs made an application to the court for a judgment by default,

pursuant to Fed. R. Civ. P. 55(b), seeking: (a) the minimum statutory damages for each of six infringements alleged in the complaint, pursuant to 17 U. S. C. § 504; (b) an injunction, pursuant to 17 U.S.C. § 502; and (c) the costs they incurred prosecuting this action, pursuant to 17 U.S.C. § 505.

Thereafter, your Honor referred the matter to the undersigned to conduct an inquest, after default, and to report and recommend the amount of damages, if any, to be awarded to the plaintiffs. By order dated September 10, 2007, the undersigned directed: (a) the plaintiffs to submit to the Court proposed findings of fact and conclusions of law, as well as an inquest memorandum, accompanied by supporting affidavits and exhibits, setting forth their proof of damages, costs of this action, attorneys' fees and any applicable interest, and to serve the same upon the defendant; and (b) the defendant to submit to the Court any opposing memorandum, affidavits and exhibits, as well as any alternative findings of fact and conclusions of law and to serve the same upon the plaintiffs. The Court also directed the parties to inform it whether any party wanted a hearing held for the purpose of examining any of the affiants. The parties did not make any submissions or hearing requests to the Court, in response to the September 10, 2007 order.

## DISCUSSION

Fed. R. Civ. P. 55(b)(2) prescribes the procedure to be followed when a judgment is sought from the court against a litigant in default:

> [T]he party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

A default judgment, based on the well-pleaded factual allegations in a complaint, establishes a defendant's liability. See Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995)(citation omitted). Granting a judgment by default is within the discretion of a district court, even where the defendant's default has been noted under Fed. R. Civ. P. 55(a), "because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). In this judicial circuit, "defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Id. at 96. In determining whether to enter a judgment by default, courts consider, inter alia: (a) whether the default is largely technical; (b) whether the grounds for default are clearly established; (c) the harsh effect a default judgment might have; and (d) whether the default was caused by a good-faith mistake or by excusable neglect on the part of the defendant. See WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL 3D §2685.

The plaintiffs contend "[t]he default concedes the truth of the allegations of the Complaint as to Defendant's liability" because "Defendant has not appeared in this action." However, the plaintiffs conflate "default" and "default judgment." While the plaintiffs recognize that in this judicial circuit a default judgment entered on well-pleaded allegations in the complaint establishes the defendant's liability, they fail to make any citation to the authority in this judicial circuit for the proposition that an entry of default alone establishes the defendant's liability. Contrary to the plaintiffs' contention, an entry of default alone does not establish the defendant's liability and a default judgment is warranted only when the plaintiff establishes a

3

sufficient basis for the judgment.  See Atlantic Recording Corp. v. Dangler, 517 F. Supp. 2d 660, 662 (W.D.N.Y.  Oct. 23, 2007) (citation omitted).

*Service of Process*

>Fed. R. Civ. P. 4(e) provides, in pertinent part:
>
>Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

A defendant must be served within 120 days after the complaint is filed.  See Fed. R. Civ. P. 4(m).  If the defendant is not served within the time prescribed by Fed. R. Civ. P. 4(m), "the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4 (m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

Section 308(4) of New York's Civil Practice Law and Rules ("CPLR") provides that, where delivering the summons within the state to the person to be served and delivering the summons within the state to a person of suitable age and discretion at designated places "cannot be made with due diligence," personal service upon a natural person can be made:

>by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served.

4

Service by affixing and mailing the summons is valid only upon showing that: (i) diligent efforts had been made to effect service by an "in hand" personal delivery or by a "leave and mail" method; and (ii) such efforts failed. See CPLR §308(4). "The 'nail and mail' provision of the CPLR permits a plaintiff to mail duplicate process to the defendant at his last known residence, but clearly requires that the 'nailing' be done at the defendant's 'actual place of business, dwelling place or usual place of abode.'" Feinstein v. Bergner, 48 N.Y.2d 234, 239, 422 N.Y.S.2d 356, 358 (1979). The term "last known residence"[1] may not be equated with the terms "dwelling place" or "usual place of abode," and the distinction between "last known residence" and "dwelling place" or "usual place of abode" should not be blurred, "since to do so would be to diminish the likelihood that actual notice will be received by potential defendants." Id. at 239-40, 422 N.Y.S.2d at 358-59. The term "last known residence," as used in CPLR, "encompass[es] cases where only the actual place of business is known as well as cases where the defendant's current residence is known." Id. at 241, 422 N.Y.S.2d at 359.

On February 13, 2007, the plaintiffs filed their complaint. Through a letter to the plaintiffs, dated March 2, 2007, your Honor scheduled a pretrial conference for April 19, 2007. On April 17, 2007, in a letter to your Honor, the plaintiffs requested a 60-day adjournment of the pretrial conference, scheduled for April 19, 2007, because their "attempts at service at Defendant's last-known address were unsuccessful." Furthermore, the plaintiffs stated in their request for a postponement of the conference: "Plaintiffs are now conducting a thorough address investigation to locate a current address at which to serve Defendant before the June 13, 2007

---

[1] Although the term "last known address" was replaced by the term "last known residence" in 1971, no substantive change in the meaning of the statute was intended by the Legislature. See Feinsten, 48 N.Y.S.2d at 240 n.4, 422 N.Y.S.2d at 359 n.4.

service deadline. Once the Defendant has been served, Plaintiffs will contact her regarding the possibility of resolving this case." On April 18, 2007, your Honor granted the plaintiffs' request.

On April 25, 2007, the plaintiffs' process server executed an affidavit of service, declaring that on April 9, 2007, at 3:50 p.m., the affiant duly posted the summons by affixing one copy "in a conspicuous place on the property known as: 1713 Adee Ave Apt.1 Bronx, NY 10469." Additionally, the following was handwritten, under the address:

Attempt # 1 4/6/07 7:50AM
Attempt # 2 4/7/07 7:32PM

On April 25, 2007, Angela Drew signed a declaration of mailing, indicating that on that date, she completed service by depositing a copy of the summons "in a first class post paid envelope properly addressed" to 1713 Adee Ave. Apt. 1, Bronx, NY 10469.

On May 8, 2007, the plaintiffs filed proof of service by posting and mailing with the Clerk of Court for this judicial district. On June 20, 2007, the Clerk of Court certified that "a copy of the summons and complaint was served on defendant by serving Chaz Berry by abode/post service," and noted the default of the defendant for failure to file an answer or otherwise move with respect to the plaintiffs' complaint.

Due diligence is not satisfied where the plaintiffs fail to demonstrate that they have made any efforts to ascertain the defendant's place of employment, dwelling place or usual place of abode so that delivery of the summons to a suitable person can be attempted at one of those places before resorting to substitute service methods authorized by CPLR § 308(4). The efforts to effect personal service "in hand" and by the "leave and mail" method must be diligent and not perfunctory. See <u>Claerbaut v. East Long Island Hospital</u>, 117 A.D.2d 772, 499 N.Y.S.2d 102,

103 (App. Div. 2d Dep't 1986).

Although the plaintiffs represented to your Honor, in their letter dated April 17, 2007, that they were conducting "a thorough address investigation to locate a current address at which to serve" the defendant within the time prescribed for service, because their attempts to serve the defendant at his last known address were unsuccessful, their representation was disingenuous. At the time they wrote the April 17, 2007 letter to your Honor, seeking to postpone the date fixed for the pretrial conference, in order to conduct "a thorough address investigation to locate a current address at which to serve Defendant before the June 13, 2007 service deadline," the plaintiffs had already resorted to the "affix and mail" method of service because they affixed the summons to the defendant's last known residence on April 9, 2007. By affixing the summons on April 9, 2007, the plaintiffs demonstrated they never intended to conduct "a thorough address investigation to locate a current address at which to serve Defendant before the June 13, 2007 service deadline" because they employed the "affix and mail" method of service without exercising due diligence to effect personal service pursuant to CPLR § 308(1) and (2).

Therefore, the Court finds that the plaintiffs' statements, concerning their attempts to locate the address at which to serve the defendant, were not made in good faith and that the plaintiffs failed to show they could not make "in hand" and "deliver and mail" service with due diligence. Moreover, the Court finds that, the plaintiffs' representation to your Honor, in their conference postponement request, that they intended to conduct an "investigation to locate a current address" for the defendant, when they had affixed the summons to the defendant's last known residence already, implicates Fed. R. Civ. P. 11(b), because their representation was made for an improper purpose: unnecessary delay.

Additionally, the summons was affixed to the defendant's last known residence, as indicated in the plaintiff's April 17, 2007 letter to your Honor, rather than his actual place of business, dwelling place or usual place of abode, and a copy of the summons was also mailed to the defendant's last known residence. Mailing the summons to the defendant's last known address would be a valid method of service only if the plaintiffs affixed the summons to the defendant's actual place of business, dwelling place or usual place of abode. Here, the plaintiffs both affixed and mailed the summons to the defendant's last known residence, rendering service defective. Notwithstanding the plaintiffs' failure to comply with the requirements of Local Civil Rule 55.2(b) of this court, that they submit to the court a proposed form of default judgment, the Court finds that the plaintiffs did not establish grounds for receiving a judgment by default because they did not demonstrate that the defendant failed to appear in this action after he was served in the manner and within the time prescribed by the applicable provisions of the Federal Rules of Civil Procedure.

**RECOMMENDATION**

For the reasons set forth above, the Court recommends that: (a) the plaintiffs' application, that the court enter a judgment by default, be denied; (b) the plaintiffs show cause to your Honor why their complaint should not be dismissed, without prejudice, for failure to effect service on the defendant; and (c) the plaintiffs show cause to your Honor why they have not violated Fed. R. Civ. P. 11(b).

\* \* \*

The plaintiffs shall serve the defendant with a copy of this Report and Recommendation and submit proof of service to the court.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of the Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Harold Baer, United States District Judge, 500 Pearl Street, Room 2230, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 530, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Baer. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Candair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
February 11, 2008

Respectfully submitted,

*Kevin Nathaniel Fox*

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE