UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WARNER BROS. RECORDS, INC., ET AL.,

                Plaintiffs,

   - against -

CHAZ BERRY,

                Defendant.
------------------------------------------------------------------x

07 Civ. 1092 (HB)(KNF)

**OPINION & ORDER**

**Hon. HAROLD BAER, JR., District Judge:**

In this copyright infringement action, Plaintiffs Warner Bros. Records, Inc., Capitol Records, Inc., UMG Recordings, Inc., Sony BMG Music Entertainment, Arista Records LLC and Atlantic Recording Corporation applied to this Court on June 25, 2007 for a judgment by default based on Defendant Chaz Berry's failure to respond to their Complaint. The Court referred Plaintiffs' default judgment application to Magistrate Judge Kevin Nathaniel Fox, who issued a Report and Recommendation on February 11, 2008. Plaintiffs submitted an objection in-part on February 28, 2008.

Plaintiffs accept Magistrate Judge Fox's recommendations that their application for default judgment be denied and their Complaint dismissed. Plaintiffs object, however, to the recommendation that they be ordered to show cause why they did not violate Fed. R. Civ. P. 11(b) and to the finding that they made bad faith statements about their attempts to serve Defendant. For the reasons set forth below, this Court declines to adopt the recommendation to issue such an order to show cause. Magistrate Judge Fox's other recommendations, however, are adopted: Plaintiffs' default judgment application is hereby DENIED and this case DISMISSED.

## I. BACKGROUND

Plaintiffs' Complaint alleges that, without Plaintiffs' consent, Defendant used the "KaZaA" online media distribution system to download, distribute and make available for distribution the copyrighted recordings of certain artists in violation of U.S. copyright law, 17 U.S.C. §§ 101-1332, as amended. Report & Recommendation of Magistrate Judge Kevin Nathaniel Fox (Feb. 11, 2008) ("R&R") 1. More than a year before they filed their Complaint, Plaintiffs had served a subpoena on the Internet service provider, America Online, Inc., which

1

identified Defendant as the person responsible for the Internet protocol address that was using the KaZaA distribution system. America Online, Inc., in response to the subpoena, provided Plaintiffs with an address for Defendant: 1713 Adee Ave., Bronx, NY 10469 (the "Adee Avenue address"). On November 28, 2005, Plaintiffs sent a letter to Defendant at the Adee Avenue address regarding his alleged copyright infringement, but Defendant never responded. Decl. of Patrick Train-Gutierrez in Support of Plaintiffs' Objection In-Part to the R&R ("Train-Gutierrez Decl.") ¶¶ 3-4. On February 13, 2007, Plaintiffs filed their Complaint against Defendant.

This Court, by a letter dated March 2, 2007 to Plaintiffs, scheduled a pretrial conference with the parties on April 19, 2007. R&R 5. Two days before the scheduled conference, Plaintiffs requested a 60-day adjournment of the conference because their "attempts at service at Defendant's last-known address were unsuccessful." Plaintiffs stated they were "now conducting a thorough address investigation to locate a current address at which to serve Defendant before the June 13, 2007 service deadline." *Id.* at 5-6. This Court granted Plaintiffs' adjournment request. *Id.* at 6.

On April 25, 2007, Plaintiffs' process server executed an affidavit of service, declaring that on April 9, 2007, at 3:50 p.m., she posted the summons by affixing one copy "in a conspicuous place on the property known as: 1713 Adee Ave Apt. 1 Bronx, NY 10469," the address that had been provided by America Online, Inc. *Id.* Plaintiffs' process server further indicated that she completed service on April 25, 2007 by depositing a copy of the summons "in a first class post paid envelope properly addressed" to the same address. *Id.* On May 8, 2007, Plaintiffs filed with the Clerk of Court a proof of service by posting and mailing.

Magistrate Judge Fox observed that at the time of Plaintiffs' April 17, 2007 letter to this Court, which sought an adjournment of the pretrial conference so that Plaintiffs could locate Defendant's current address, Plaintiffs "had already resorted to the 'affix and mail' method of service because they affixed the summons to the defendant's last known residence on April 9, 2007." *Id.* at 7. The Magistrate Judge found that "[b]y affixing the summons on April 9, 2007, the plaintiffs demonstrated they never intended to conduct 'a thorough address investigation . . .' because they employed the 'affix and mail' method of service without exercising due diligence to effect personal service pursuant to CPLR § 308(1) and (2)." *Id.* Magistrate Judge Fox concluded that Plaintiffs' representation to this Court to the effect that they intended to conduct an investigation to locate Defendant's current address implicated Fed. R. Civ. P. 11(b) because it was made for the improper purpose of unnecessary delay. *Id.*

## II. STANDARD OF REVIEW

A district court reviewing a report and recommendation that addresses a dispositive motion "'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Donahue v. Global Home Loans & Fin., Inc.,* No. 05 Civ. 8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007) (quoting 28 U.S.C. § 636(b)(1)). Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), parties may submit specific, written objections to the magistrate judge's report and recommendation within ten days after being served with a copy of the recommended disposition. Where a party submits objections to a report and recommendation, the district court reviews the parts of the report to which the party objected under a *de novo* standard of review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *see also Donahue,* 2007 WL 831816, at *1. The district court may adopt those portions of a report to which no objections have been made, as long as those portions are not clearly erroneous. *See, e.g., Darby Trading Inc. v. Shell Int'l Trading & Shipping Co. Ltd.*, No. 07 Civ. 400, 2008 WL 852787, at *4 (S.D.N.Y. Mar. 31, 2008).

## III. DISCUSSION

### A. Recommendations for Dismissal of Plaintiffs' Complaint and Denial of Plaintiffs' Default Judgment Application

The Federal Rules of Civil Procedure provide that a defendant must be served within 120 days after the complaint is filed and must be served by following the state law for service in the state where the district court is located or where service is made, *i.e.*, in this case, New York. Fed. R. Civ. P. 4(e), (m). Section 308(4) of New York's Civil Practice Law and Rules ("CPLR") provides that where in-hand personal service or service to a person of suitable age and discretion at certain designated places "cannot be made with due diligence," an alternative service can be made

> by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . .

CPLR § 308(4).

Service by affixing and mailing the summons, or "nail and mail," as described above, is valid only upon showing that (1) diligent efforts were made to effect service by an "in hand" personal delivery to the defendant, or to a person of suitable age followed by a mailing to the defendant ("leave and mail"); and (2) such efforts failed. *See id*. Due diligence is not satisfied

where the plaintiffs fail to demonstrate any efforts to ascertain the defendant's place of employment, dwelling place or usual place of abode. Efforts to effect personal service "in hand" and by "leave and mail" must be diligent and not perfunctory. *See Gurevitch v. Goodman*, 702 N.Y.S.2d 634, 635 (N.Y. App. Div. 2000); *Claerbaut v. E. Long Island Hosp.*, 499 N.Y.S.2d 102, 103 (N.Y. App. Div. 1986). Here, Magistrate Judge Fox's finding that Plaintiffs failed to show "diligent efforts" was not clearly erroneous.

Even if Plaintiffs had shown diligence, their service was defective under the alternative "nail and mail" method. "The 'nail and mail' provision of the CPLR permits a plaintiff to mail duplicate process to the defendant at his last known residence, but clearly requires that the 'nailing' be done at the defendant's 'actual place of business, dwelling place or usual place of abode.'" *Feinstein v. Bergner*, 48 N.Y.2d 234, 239 (N.Y. 1979). Thus, while the "mailing" component of service by "affixing and mailing" may be to the defendant's last known residence, the "affixing" component must be to the door of the defendant's actual place of business, dwelling place or usual place of abode, and not to the defendant's last known residence. To blur the distinction between "last known residence" and "dwelling place" "would be to diminish the likelihood that actual notice will be received by potential defendants." *Id.* at 240. Here, service was defective under the "nail and mail" method because Plaintiffs' process server both affixed and mailed the summons to Defendant's last known residence.

Therefore, because service on Defendant was defective, Plaintiffs' Complaint is dismissed and their application for default judgment denied.[1]

**B.  Recommendation that Plaintiffs Be Ordered To Show Cause Why They Did Not Violate Fed. R. Civ. P. 11(b)**

Magistrate Judge Fox recommended that Plaintiffs be ordered to show cause why they did not violate Fed. R. Civ. P. 11(b) because their statements to the Court about their attempts to locate Defendant's address "were not made in good faith" and because they "failed to show they could not make 'in hand' and 'deliver and mail' service with due diligence," as required by the applicable rules of service. R&R 7. Magistrate Judge Fox also found that Plaintiffs' representations to this Court in their request to adjourn the pretrial conference were made for the improper purpose of unnecessary delay.

---

[1] Plaintiffs do not object to the dismissal of their Complaint and denial of their default judgment application in light of their discovery, subsequent to the Report and Recommendation, that Defendant lives in a homeless shelter. Objection 4; Train-Gutierrez Decl. ¶ 12.

Rule 11(b) provides in pertinent part:

By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b).

Plaintiffs argue that any inaccuracy regarding service in their April 17, 2007 letter to this Court, in which they requested an adjournment of the pretrial conference, resulted from unauthorized actions by their process server and a breakdown in communication among a paralegal and attorneys at Plaintiffs' counsel's law firm. "After two failed attempts to serve Defendant personally with the Summons and Complaint, the process server, without Plaintiffs' counsel's authorization or knowledge, chose to post the Summons and Complaint in a conspicuous location at Defendant's [last known] residence [at the Adee Avenue address] on April 9, 2007." Plaintiffs' Objection In-Part to R&R (Feb. 28, 2008) ("Objection") 2; *see* Train-Gutierrez Decl. ¶ 7. Only afterward did the process service company notify a paralegal at Plaintiffs' counsel's office that the Summons and Complaint had been posted. Train-Gutierrez Decl. ¶ 7. The paralegal, however, according to Plaintiffs, never informed any attorney that "nail and mail" service had been attempted, and Plaintiffs' lawyers did not become aware of such attempt at service until they received the proof of service on April 25, 2007. *Id.* ¶¶ 7-8; Objection Ex. C. Therefore, Plaintiffs assert that, at the time of their request for an adjournment of the pretrial conference, they were not aware of the attempted "nail and mail" service, and thus told the Court in good faith that they were still trying to locate Defendant's address. Objection 5; Train-Gutierrez Decl. ¶ 8.

Plaintiffs further contend that they made a number of attempts to contact Defendant, including by sending him the Court's April 18, 2007 Order setting a new pretrial conference date, but that Defendant never responded and failed to appear at the conference. Objection 3; Train-Gutierrez Decl. ¶ 10.

Plaintiffs entreat this Court that their request for an adjournment of the conference was made in good faith and with the purpose of providing Defendant time to confer with Plaintiffs and to respond to the Complaint. Plaintiffs never sought to delay these proceedings, but only to make sure they had done what they could to locate Defendant and provide him an opportunity to respond.

Objection 5.

While Plaintiffs' lawyers should be faulted for failing to keep closer tabs on their process server and for failing to better supervise their paralegal, their actions do not rise to the level of a Rule 11(b) violation. Plaintiffs' lawyers might have been sloppy in their attempts to serve Defendant, but giving them as officers of the Court the benefit of the doubt, all their representations to this Court were, to the best of their knowledge, information and belief, not for the improper purpose of unnecessary delay. The Second Circuit has noted that *sua sponte* show-cause orders under Fed. R. Civ. P. 11(c)(1)(B) "will ordinarily be issued only in situations that are akin to a contempt of court." *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003). Such is not the case here.

Plaintiffs' lawyers, in another "office failure," missed Magistrate Judge Fox's October 24, 2007 deadline for submission of an inquest memorandum with supporting affidavits. Their excuse here is the well-worn "clerical error," i.e., the office clerk "mis-calendared this date," and they "sincerely apologize" for their failure. Objection 4-5. As Plaintiffs have agreed to dismissal of their Complaint, their failure to submit a memorandum in support of a default judgment is no longer relevant. Once again, while Plaintiffs' lawyers and lawyers generally must keep careful records of deadlines and all court dates, the error is not sufficiently akin to a contempt of court so as to warrant a show-cause order under Fed. R. Civ. P. 11(c)(1)(B).

## IV. CONCLUSION

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Kevin Nathaniel Fox is adopted in all respects except for the recommendation that Plaintiffs be ordered to show cause why they did not violate Fed. R. Civ. P. 11(b). Therefore, Plaintiffs' Complaint is hereby DISMISSED without prejudice and Plaintiffs' application for a default judgment is DENIED. The Clerk of Court is instructed to close this case and remove it from my docket.

IT IS SO ORDERED.
New York, New York
April 9, 2008

U.S.D.J.